[Cite as *Lukacs v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3537.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHRISTOPHER LUKACS

Plaintiff

v.

OHIO DEPT. OF REHAB. AND CORR.

Defendant

Case No. 2010-08951-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1)   Plaintiff, Christopher Lukacs, an inmate under the custody of defendant, Department of Rehabilitation and Correction (DRC), filed this action alleging property was stolen from his cell on or about October 13, 2009 when he was incarcerated at defendant's Mansfield Correctional Institution (ManCI).   Plaintiff recorded he was transferred from the ManCI general population to a segregation unit on October 12, 2009 and his personal property was left in his cell.  Apparently ManCI staff entered plaintiff's cell on October 15, 2009 and packed his property; completing an inventory of the items stored there.  Plaintiff asserted that at sometime after he was transferred to segregation and the period his property was packed, unidentified inmates gained access to his cell and stole multiple items secured inside.  According to plaintiff, the alleged stolen property included a trial transcript, "a package containing electronics," which included a television set, and "the entire contents of a package containing sundry items."   Plaintiff related his television set "was recovered but damaged."   Plaintiff contended his property was stolen as a proximate cause of negligence on the part of ManCI staff in leaving his cell door unlocked and delaying to pack the items stored in his

cell. In his complaint, plaintiff requested damage recovery in the amount of $2,460.17, the stated replacement cost of the alleged stolen and damaged property. Payment of the filing fee was waived.

{¶ 2} 2) Defendant asserted plaintiff has failed to offer any evidence to prove his property was stolen and unrecovered as a result of any negligent act or omission on the part of ManCI staff. Defendant specifically denied plaintiff's cell door was unsecured when he was initially transferred to a segregation unit on October 17, 2009. Defendant explained plaintiff was initially removed from his cell on October 12, 2009 after he was observed "exhibiting odd behavior." According to defendant, plaintiff had strewn a small amount of property on the cell floor and had stood his bed up on end; thereby barricading himself in the cell. Plaintiff apparently refused to come out of his cell when ordered and consequently, he was forcibly removed from the cell block to a segregation unit. Defendant advised plaintiff's cell was then ordered to be locked and the cell remained locked until October 15, 2009 when ManCI personnel packed the property stored there. Defendant noted ManCI staff "cannot determine whether plaintiff entrusted his property to another inmate, it was stolen, or he made another disposition of his property prior to the incident of 10/12." Defendant maintained that all property that was inside plaintiff's cell on October 12, 2009 was secured in a locked cell until October 15, 2009 when the property was packed. Defendant pointed out plaintiff was housed in a single cell and did not have a cellmate.

{¶ 3} 3) Plaintiff filed a response insisting his property was stolen as a direct result of ManCI staff in packing the items that remained in his cell when he was transferred on October 12, 2009. Plaintiff disputed defendant's assertion that his cell remained locked from October 12, 2009 to October 15, 2009 when a pack up of the items stored inside occurred. Plaintiff reasserted that all property claimed in his complaint was stolen from his cell after October 12, 2009.

CONCLUSIONS OF LAW

{¶ 4} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 5} 2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 6} 3)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 7} 4)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 8} 5)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 9} 6)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 10} 7)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 11} 8)    The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.  Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams*.

{¶ 12} 9)    Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 13} 10)  Defendant, when it retains control over whether an inmate's cell door

is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possessions in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶ 14} 11) However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶ 15} 12) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive in reference to any theft of his property actually took place. The trier of fact does not believe plaintiff's assertions regarding a property theft on October 13, 2009 or after that date.

{¶ 16} 13) Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

{¶ 17} 14) In the instant claim, plaintiff has failed to prove any delay in packing his property resulted in any property theft. *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Knowlton v. Noble Corr. Inst.*, Ct. of Cl. No. 2005-06678-AD, 2005-Ohio-4328.

{¶ 18} 15) Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

CHRISTOPHER LUKACS

      Plaintiff

      v.

OHIO DEPT. OF REHAB. AND CORR.

      Defendant

      Case No. 2010-08951-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Christopher Lukacs, #605-630
1724 St. Rt. 728
Lucasville, Ohio 45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
3/10
Filed 4/7/11
Sent to S.C. reporter 7/8/11